[Cite as *State v. Aldridge*, 2022-Ohio-828.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,            :

                           No. 110801

    v.                                      :

GAVIN ALDRIDGE,                             :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650680-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel Van, Assistant Prosecuting Attorney,
*for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the sentence imposed on

defendant-appellee, Gavin Aldridge ("Aldridge"), and claims the following error:

> The trial court erred when it found S.B. 201 to be unconstitutional and
> did not impose an indefinite sentence.

{¶ 2} We reverse the trial court's judgment and remand the case to the trial court for resentencing in accordance with the Reagan Tokes Law, Am.Sub. S.B. 201, 2018 Ohio Laws 157.

## I. Facts and Procedural History

{¶ 3} Aldridge pleaded guilty to two counts of felonious assault, with firearm specifications; one count of attempted felonious assault; and one count of having weapons while under disability. At the time of the plea, the trial court found that the Reagan Tokes Law was unconstitutional, the state objected, and the trial court did not impose a sentence consistent with the Reagan Tokes Law. The state now appeals the trial court's judgment as a matter of right.

## II. Law and Analysis

{¶ 4} In the sole assignment of error, the state argues the trial court erred in finding the Reagan Tokes Law unconstitutional.

{¶ 5} The trial court did not specify the specific grounds for finding the Reagan Tokes Law unconstitutional except for two vague references to unnamed, uncited cases from the First and Eighth Districts. However, in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court, sitting en banc, held that the Reagan Tokes Law is constitutional in that it does not violate the separation-of-powers doctrine and does not violate either a defendant's right to a jury trial or due process of law.

{¶ 6} Therefore, the sole assignment of error is sustained.

**{¶ 7}** Judgment reversed and remanded for resentencing in accordance with the Reagan Tokes Law, Am.Sub. S.B. 201, 2018 Ohio Laws 157.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.